**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

| | |
|---|---|
| **SWEET ONION CHRISTIAN LEARNING CENTER**, **INC.,** <br><br> and <br><br> **GADY YOUMANS,** <br><br>     *Plaintiffs,* <br><br> v. <br><br> **VIDALIA CITY SCHOOLS,** <br><br> **SANDY REID,** in her official and personal capacities as Superintendent of Vidalia City Schools, <br><br> and <br><br> **ANDY BLOUNT, SADIA AJOHDA, BRITTNEY BLACK, FRED GODBEE, and JULEE TORRANCE,** in their official capacities as members of the Vidalia City Board of Education, <br><br> *Defendants.* | Civil Action No. 6:26-CV-00026-RSB-CLR <br><br><br> **ORAL ARGUMENT REQUESTED** |

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs Sweet Onion Christian Learning Center, Inc. (the "Center") and Gady Youmans respectfully move this Court for a preliminary injunction against Defendants Vidalia City Schools, Sandy Reid, Andy Blout, Sadia Ajohda, Brittney Black, Fred Godbee, and Julee Torrance. Defendants are currently violating the First and Fourteenth Amendments to the United States Constitution and Georgia Law.

1

Because Rev. Youmans posted a critique of a Board-proposed tax increase to his Facebook account, and because Plaintiffs provided religious instruction from a particular religious viewpoint, Defendants retaliated by withdrawing Plaintiffs' permission to provide released-time education to students at Vidalia High School. In so doing, Defendants unconstitutionally retaliated against Plaintiffs based on their protected speech and free exercise of religion.

For those reasons, as more fully explained in the attached memorandum of points and authorities, Plaintiffs move this Court for a preliminary injunction pending final case disposition. Specifically, Plaintiffs move this Court to preliminarily enjoin Defendants, their agents, officials, employees, and any other person acting on their behalf to:

1. Permit Plaintiffs to continue to provide released time education to Vidalia High School students in the same manner that had been permitted before Defendants' unlawful retaliation by:

    a. Immediately instituting an enrollment plan that allows Vidalia City Schools students to enroll in Center courses for the Fall 2026 semester and which mirrors the enrollment process for other Vidalia High School courses, including parental notification;

    b. Instituting a special enrollment period during the first two weeks of the Fall 2026 semester that permits students to adjust their course schedules to enroll in Center courses for the Fall 2026 and Spring 2027 semesters; and

    c. Instituting a two-week special enrollment period in October 2026 that permits students to adjust their course schedules to enroll in Center courses for the Spring 2027 semester;

2. Refrain from unconstitutionally or illegally limiting in any way Plaintiffs' ability to provide released time education to Vidalia High School students

because of Rev. Youmans's or the Center's expression or religious exercise; and

3.  Purge from any records in their possession, custody, or control any reference to Defendants' decision to prohibit Plaintiffs from providing released time education to Vidalia High School students.

Plaintiffs also respectfully move this Court to waive the security requirement under Fed. R. Civ. P. 65(c). "[T]he amount of security required by the rule is a matter within the discretion of the trial court," so a court may properly "elect to require no security at all." *City of Atlanta v. MARTA*, 636 F.2d 1084, 1094 (5th Cir. Unit B 1981). "Waiving the bond requirement is particularly appropriate where a plaintiff alleges the infringement of a fundamental constitutional right." *Complete Angler, LLC v. City of Clearwater*, 607 F. Supp. 2d 1326, 1335 (M.D. Fla. 2009); *see also City of Atlanta*, 636 F.2d at 1094 (no security requirement for preliminary injunction in "public-interest litigation"). Defendants will suffer no damages from a preliminary injunction, as it would simply prevent them from infringing on Plaintiffs' constitutional rights.

In support of this motion, Plaintiffs rely on the attached memorandum of points and authorities and exhibits thereto and their Verified Complaint.

Respectfully submitted,

**/s/ Keri M. Martin**

Keri M. Martin (Ga Bar No. 679803)
Hall, Gilligan, Roberts & Shanlever, LLP
7402 Hodgson Memorial Drive,
Suite 110
Savannah, Georgia 31406
Telephone: (912) 777-6636
Email: kmartin@hgrslaw.com

3

Philip A. Sechler (DC Bar No. 426358)*
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, VA 20176
Telephone: (571) 707-4655
Facsimile: (571) 707-4790
psechler@ADFlegal.org

Mercer S. Martin (AZ Bar No. 038138)*
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
(480) 444-0028 (facsimile)
mmartin@ADFlegal.org

*Counsel for Plaintiff*
*\*Pro Hac Vice application pending*

4

## CERTIFICATE OF SERVICE

I hereby certify that on May 08, 2026, I electronically filed the foregoing

using the CM/ECF system, and will serve the same with Plaintiff's Verified

Complaint on the following parties:

Vidalia City Schools, Sandy Reid, Andy Blount, Sadia Ajohda, Brittney Black, Fred Godbee, and Julee Torrance

1001 North Street, West
Vidalia, GA 30474


Dated: May 08, 2026                       **/s/  Keri M. Martin**
                                          Keri M. Martin



                                          *Counsel for Plaintiff*s

5